IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ADOL T. OWEN-WILLIAMS, JR.** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 10-185** |
| **CITY OF GAITHERSBURG, et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Adol T. Owen-Williams, Jr., *pro se*, has sued the City of Gaithersburg, Maryland and Christopher Cyran, an officer of the Gaithersburg police force, in seven counts stemming from Owen-Williams' arrest in Gaithersburg, Maryland on June 17, 2009. The counts are these: Violations of 42 U.S.C. § 1983 and § 1981 (Count I), Unlawful Arrest and Detention (Count II), False Imprisonment (Count III), Malicious Prosecution (Count IV), Abuse of Process (Count V), Assault (Count VI), and Intentional Infliction of Emotional Distress (Count VII).

Defendants have filed a Motion to Dismiss, or in the alternative, for Summary Judgment [Document No. 22]. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED** as to Count I of the Amended Complaint and their Motion to Dismiss is **GRANTED** as to Counts II, III, IV, V, VI and VII.

# I.

On June 17, 2009 a dispute occurred between Owen-Williams and an individual named Baboucar Sallah. Officer Cyran and assisting units of the Gaithersburg police received reports that an auto theft was in progress and that there was a man with a firearm. When the officers arrived at Owen-Williams' address, Sallah told them that when he saw Owen-Williams driving a car which he had a court order to take legal possession of, he followed Owen-Williams until he pulled into his garage. He indicated that once he pulled into Owen-Williams' driveway and told him that a tow truck was coming to pick up the car, Owen-Williams threatened him with a handgun, stating that he would shoot Sallah if he got out of his car. The officers searched Owen-Williams' car and found a loaded 9mm handgun inside. Owen-Williams was thereupon arrested and taken into custody for processing.

According to Owen-Williams, he explained to the arriving officer that he called the police because Sallah chased him home after threatening him, but that the officer was unwilling to listen to his account. Owen-Williams also alleges that the officer was verbally abusive and made several racist remarks about him. Once at the police station, Owen-Williams further stated that he was out driving when Sallah pulled up next to him, told him to pull over or that he would "shoot out" his windows, and when he did not pull over, Sallah proceeded to chase him home. Owen-Williams, however, admitted that once he got to his garage he exited the car, took out his gun, and told Sallah he would shoot him if he got out of the car. Owen-Williams claimed that did this in self defense. Owen-Williams was subsequently charged with first degree assault and use of a handgun during a felony. The charges were eventually dismissed.

Owen-Williams was released from custody on June 19, 2009. He alleges that on Monday July 13, 2010, Cyran called him at his home and asked why he had been making

inquiries about the officers who had been at the scene of his arrest. Owen-Williams claims that Cyran threatened his life if he filed any complaints. This suit followed.

## II.

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999). To survive a motion to dismiss the complaint must assert facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

In ruling on a motion to dismiss, the Court should "[accept] all well-pleaded allegations in the plaintiff's complaint as true" and [draw] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards,* 178 F.3d at 244. However, the Court does not need to accept any fact inconsistent with the complaint's allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Associates, Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000). *See also*, *Iqbal,* 129 S.Ct. at 149 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Twombly*, 550 U.S. at 555 (a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") .

**III.**

A motion for summary judgment under Federal Rule of Civil Procedure 56 challenges the factual sufficiency of the complaint. Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A party is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Cleotex v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is properly granted against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Cleotex*, 477 U.S. at 322-23. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Id*. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is obligated to view the facts and inferences drawn from the facts in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Matsushita,* 475 U.S. at 587-88. The non-moving party may not rest upon its mere allegations, however, but must "set out specific facts showing genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Moreover, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Cleotex Corp.*, 736 F.2d 958-59 (4th Cir. 1984) (citation omitted). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## IV.

### A

Owen-Williams alleges that Cyran and his supervisor arrested him without a warrant and without probable cause in violation of 42 U.S.C. § Section 1983. § Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....". *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Whether an officer has probable cause to arrest an individual depends "upon whether, at the moment the arrest was made . . . the facts and circumstances within (the arresting officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Adams v. Williams*, 407 U.S. 143, 148–149 (1972)(en banc)(quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). *See also*, *Banks v. Pepersack*, 244 F. Supp. 675, 678 (D. Md. 1965)("In Maryland an arrest may be made if . . . [a police] officer has a reasonable belief that a felony has been or is being committed by the arrested person"). Under Maryland Law an assault occurs when a person intentionally causes or attempts to cause serious physical injury to another. Md. Code Ann, Criminal Law *§3-202(a)(1)*. Where a weapon is involved, the assault is a felony. *Id*, at *§3-202(b)*.

In this case, several officers responded to a call reporting auto theft and a man with a gun. Upon their arrival, Sallah told them that Owen-Williams had threatened to shoot him after being informed that a tow track was coming to take his car. The officers promptly found a 9mm gun in Owen-Williams' car. Moreover, Owen-Williams admits to having "brandished a hand gun" to keep Sallah "at bay until the police arrived." Amended Complaint, ¶ 7. Those facts and circumstances alone sufficed to warrant the belief that Owen-Williams had just attempted or was attempting to commit assault in the first degree. Cyran therefore had probable cause to effectuate the arrest.

Owen-Williams contends that his arrest was motivated by racism and states that during the incident Cyran repeatedly made racist comments. Assuming the truth of Owen-Williams' contention, while such behavior may be unbecoming a law enforcement officer, racial remarks are inconsequential in the clear presence of probable cause to arrest. Even a pretextual arrest based on improper motive is reasonable if objective circumstances support a finding of valid probable cause." *Lowe v. Spears*, No. 3:06-0647, 2009 WL 1393860, at *3 (S.D.W. Va. May 15, 2009)(citing *Bennett v. Booth*, 2005 WL 2211371 (S.D.W.Va.2005)). *See also*, *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004) ("Subjective intent of the arresting officer . . . is simply no basis for invalidating an arrest. Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest."); *W. Union Tel. Co. v. Thomasson*, 251 F. 833, 837 (4th Cir. 1918)("Malice may be presumed from lack of probable cause; but the lack of probable cause can never be inferred, even from the most express malice.")(citation omitted).

The Court **GRANTS** Defendants Summary Judgment on the 42 U.S.C. § Section 1983 claim.

B.

Owen-Williams also alleges that his arrest and subsequent detention were motivated by race in violation of 42 U.S.C. § 1981. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, present evidence, and to the full and equal benefit of all laws and proceedings for security of persons and property. Additionally all persons shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." To invoke the protection of § 1981, a plaintiff must establish that: "(1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." *Buchanan v. Consol. Stores Corp.*, 125 F.Supp.2d 730, 734 (D.Md.2001) (citation omitted).

In support of his claim, Owen-Williams says only that he is African-American and that Cyran used racial slurs during his arrest. *See*, Amended Complaint. ¶ 7)[1]. Such allegations are insufficient as a matter of law to make a *prima facie* case under 42 U.S.C. § 1981. "Racial epithets . . . do not themselves implicate constitutional rights and cannot, on their own, form the basis of a constitutional claim." *Harrison v. Prince William County Police Dep't*, 640 F. Supp. 2d 688, 706 (E.D. Va. 2009)(citing *Martin v. Harrison County Sheriff's Dept*., 2006 WL 3760132, at *3 (N.D.W.Va. Dec. 15, 2006)). *See also, Barton v. Thompson*, 1996 WL 827416 (D.Md. May 18, 1996)( "Even though [Defendant] may have used a racial slur during this incident, this alone is insufficient to show race was the reason [he] asked [Plaintiff] to leave the premises, as required under section 1981."). The unalterable fact is that Cyran had probable

---

[1] While the Amended Complaint alleges the use of a single racial epithet, Owen-Williams' Opposition to the Motion to Dismiss, or in the alternative, for Summary Judgment asserts that Cyran repeatedly referred to him "as various types of niggers." *See*, Plaintiff's Opposition, pp. 10, ¶ 1.

7

cause to arrest Owen-Williams. There is absolutely no evidence to lead the Court to believe that Cyran's actions were racially motivated by purposeful discrimination. Summary Judgment is thus **GRANTED** as to Cyran and City of Gaithersburg on the 42 U.S.C. § 1981 claim.

V

A.

Finally, Owen-Williams asserts six common law claims against both Defendants: Unlawful Arrest and Detention (Count II), False Imprisonment (Count III), Malicious Prosecution (Count IV), Abuse of Process (Count V), Assault (Count VI), and Intentional Infliction of Emotional Distress (Count VII). None can stand.

As to the City of Gaithersburg, counties and municipalities in Maryland generally possess immunity from tort. *Austin v. City of Baltimore*, 405 A.2d 255 (Md. 1979); *Quecedo v. Montgomery County*, 287 A.2d 257 (Md. 1972). "[T]he LGTCA does not waive governmental immunity or otherwise authorize any actions directly against local governments..." *Livesay v. Baltimore County*, 862 A.2d 33 (Md. 2004)(citing *Williams v. Maynard*, 754 A.2d 379, 388 (2000). While a local government is required to defend and indemnify an employee or official for acts or omissions occurring within the scope of his/her duties, the LGTCA does not permit a suit directly against the municipality. *Khawaja v. Rockville*, 598 A.2d 489, 494 (Md. Ct. Spec. App. 1991) *See, also*, *Dawson v. Prince George's County*, 896 F.Supp. 537, 539 (D.Md.1995) (although county was financially responsible under LGTCA for judgment against employee, Act does not create liability on part of county). Consequently, inasmuch as the Amended Complaint alleges common law torts against the City of Gaithersburg, those claims are barred by governmental immunity and must be dismissed.

8

As to the common law claims against Cyran, except for Count VI, all the claims arise from Owen-Williams' arrest on June 17, 2009. Officials of a municipality, including police officers, are immune from civil liability for actions performed within the scope of their employment without malice. *See* Md.Code Ann., Cts. & Jud. Proc., § 5-507(b)(1) (LexisNexis 2008) ("An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action."). Actual malice is established by proof that the officials intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff. *See Elliott v. Kupferman,* 473 A.2d 960, 969 (Md. Ct. Spec. App. 1999).

In this case, Cyran arrived at Owen-Williams' address in response to a report of auto theft and a man with a gun. When Cyran detained and arrested Owen-Williams, he was acting well within the scope of his authority as a police officer. In addition, because Cyran had probable cause to arrest Owen-Williams, he acted without malice. Cyran is immune from liability as to Counts I through V and VII.

B.

Count VI against Cyran- for assault- does not arise from the June 17, 2009 incident, but relates to the allegation that on July 13, 2009 Cyran phoned Owen-Williams and threatened him not to file any complaint against Cyran, which Owen-Williams says put him in reasonable apprehension of an imminent battery. Amended Complaint at ¶31-33. Cyran does not assert that he enjoys immunity from civil liability for the alleged action. The assault count, however, fails for another reason.

It is true that, in Maryland, any unjustified attempt to apply the least force to the person of another constitutes an assault.[2] *Williams v. State*, 244 A.2d 619, 622 (Md. Ct. Spec. App. 1968). "The attempt is made whenever there is any action or conduct reasonably tending to create the apprehension in another that the person engaged therein is about to apply such force to him. It is sufficient that there is an apparent intention to inflict a battery and *an apparent ability to carry out such intention*." *Id. (emphasis added). See also, Ott v. State,* 273 A.2d 630, 633-34 (Md. Ct. Spec. App. 1971)*; Lamb v. State,* 613 A.2d 402 (Md. Ct. Spec. App. 1992).

That said, mere words are insufficient to constitute the tort of assault unless they are coupled with the present ability to fulfill them. This quite clearly is not the case where words, even threatening words, may cause fear, but the speaker is not in the immediate presence of the listener and the application of force is not imminent. *See e.g*. *Marczeski v. Law*, 122 F.Supp.2d 315, 325 (D.Conn.2000)( "A threat by telephone or on the Internet is not a civil assault.") (*citation omitted*). Owen-Williams may well have reason to complain to Cyran's supervisors and request an investigation as to this allegation. He has not, however, stated a claim for assault under the common law of Maryland. Count VI of the Amended Complaint will be **DISMISSED**.

## VI

In sum, Defendants' Motion to Dismiss is **GRANTED** as to Counts II, III, IV, V, VI and VII. Summary Judgment is **GRANTED** as to Count I as to both Defendants. Final judgment will be entered in favor of the Defendants and the case will be **CLOSED**.

---

[2] Assault has substantially, if not exactly, the same meaning in the law of torts as in criminal law. *See e.g. Kellum v. State*, 162 A.2d 473, 476 (Md. 1960).

A separate Order will **ISSUE**.

January 7, 2011 /s/

PETER J. MESSITTE

UNITED STATES DISTRICT JUDGE